Filed 4/11/16  P. v. Lafranchi CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051296 |
| v. | (Super. Ct. No. 13CF3533) |
| JESSA MADELINE LAFRANCHI, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher Evans, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed as modified.

Matthew A. Siroka, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Sean M. Rodriguez, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

In November 2013, defendant Jessa Madeline Lafranchi pleaded guilty to felony possession of methamphetamine in violation of Health and Safety Code section 11377, subdivision (a), and admitted that she had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b). The trial court sentenced Lafranchi to a 16-month prison term.[1] The court also ordered, inter alia, that she be subject to the controlled substance offender registration requirement of Health and Safety Code section 11590.

In January 2015, Lafranchi filed an application under Penal Code section 1170.18, seeking to have her felony conviction for violation of Health and Safety Code section 11377, subdivision (a), designated as a misdemeanor. The trial court granted the application and thereby designated Lafranchi's conviction a misdemeanor, resentenced her to serve 365 days in the Orange County jail, with credit for time served, and placed her on parole for one year. Lafranchi appealed.

LaFranchi's sole issue on appeal is that at the hearing on the application to have her felony reduced to a misdemeanor, the trial court erred by failing to lift the controlled substance offender registration requirement under Health and Safety Code section 11590. Section 11590, subdivision (a) provides in relevant part: "Except as provided in subdivisions (c) and (d), any person who is convicted in the State of California of any offense defined in . . . subdivision (a) of Section 11377 . . . shall within 30 days of his or her coming into any county or city, or city and county in which he or she resides or is temporarily domiciled for that length of time, register with the chief of police of the city in which he or she resides or the sheriff of the county if he or she resides in an unincorporated area." Subdivision (c) of section 11590 states: "This section *does not apply* to a conviction of a *misdemeanor* under Section . . . 11377." (Italics added.)

---

[1] The court later ordered that Lafranchi's 16-month prison sentence run concurrent to a prison sentence she had received in a prior case.

As Lafranchi's felony conviction for violation of Health and Safety Code section 11377, subdivision (a) was reduced from a felony and designated a misdemeanor, the trial court erred by failing to strike the controlled substance offender registration requirement under Health and Safety Code section 11590. In the respondent's brief, the Attorney General agrees that the registration requirement should have been stricken, and urges that this court "therefore exercise its authority under [Penal Code] section 1260 to strike [Lafranchi]'s registration requirement."

*Disposition*

We modify the postjudgment order to strike the portion subjecting Lafranchi to the controlled substance offender registration requirement under Health and Safety Code section 11590. We affirm the postjudgment order in its entirety as so modified.


FYBEL, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


MOORE, J.